

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KENNETH TELFAIR NEWSOME II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-136 |
| ) | |
| NANCY SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On September 27, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case is therefore ready to proceed.

Congress enacted the Prison Litigation Reform Act of 1995 (PLRA),

Pub. L. No. 104-134, 110 Stat. 1321–71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. See 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. Id. Similarly, 28 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court will examine plaintiff's complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

I. **ANALYSIS**

Plaintiff, an inmate at Macon State Prison, filed an initial and amended complaint seeking damages from several defendants. Doc. 1 at 7-

13; doc. 6. His first group of claims appears to arise from the facts leading to his current incarceration. His second group of claims appears to arise from two separate state prosecutions. Doc. 6.

## A. Claims Relating to Plaintiff's Incarceration

Plaintiff argues that several defendants allegedly conspired to deprive him of his freedom and constitutional rights. Doc. 1 at 7-13. He argues that this conspiracy resulted in him being "wrongfully accused" of crimes that he did not commit.[1] Id. at 7.

Plaintiff appears to assert the following claims under § 1983: (1) false arrest, (2) false imprisonment, (3) malicious prosecution, and (4) a conspiracy to deprive plaintiff of his rights. Id. at 7. In addition to the § 1983 claims, plaintiff seeks relief in tort against defendants Mullgrav and Worthy. Id. at 10. He alleges that Mullgrav verbally and physically

---

[1] These claims appear to revolve around plaintiff's current imprisonment. Plaintiff does not provide any details regarding the convictions that led to his incarceration. Upon consulting the Georgia Department of Corrections database, the Court discovered that plaintiff was imprisoned on June 8, 2006 for convictions of aggravated assault, aggravated stalking, and possession of a firearm during the commission of a crime. Ga.Dep't of Corrs. Inmate Query, http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.JSP. Plaintiff was continuously incarcerated for these convictions between June 2006 and the filing of this complaint on October 1, 2007. Accordingly, the Court presumes that these are the crimes that plaintiff alleges he was "wrongfully accused" of committing.

3

assaulted plaintiff and his family. Id. He alleges that Worthy intentionally inflicted emotional distress upon him and converted his property to her own use.[2] Id. at 11. The complaint seeks compensatory and punitive damages against the defendants jointly and severally. Id. at 12.

Plaintiff alleges that defendant Mullgrav, an officer with the Garden City Police Department, "is the author of the conspiracy to deprive the [p]laintiff of his constitutional rights." Id. at 10. Plaintiff's ex-wife, April Worthy, allegedly "shared a child" with Mullgrav before plaintiff and Worthy were married. Id. at 11. After plaintiff's nuptials, Mullgrav allegedly "began making numerous threats" against plaintiff, even going so far as to say "that he would and will get rid of the [p]laintiff." Id. Mullgrav thereafter allegedly instituted a campaign of harassment directed at plaintiff and his family. Id. at 10.

Plaintiff contacted defendant Smith, a Chatham County assistant district attorney, in hopes of motivating the state to prosecute Mullgrav.

---

[2] In plaintiff's amended complaint he also seeks to add state claims against Worthy for abusive litigation, harassing phone calls, false reports of a crime, obstruction of justice, loss of consortium and criminal attempt. Doc. 6.
    Plaintiff also claims that Worthy had maliciously prosecuted him by filing a civil action against him which was subsequently dismissed. Id. Plaintiff is advised that malicious prosecution solely remedies wrongfully instituted *criminal* action. Wood v. Kesler, 323 F.3d 872, 881-82 (11th Cir. 2003).

Id. at 8. Over the course of Smith's investigation, she allegedly accumulated several cassette tapes and police reports that incriminated Mullgrav. Id. At plaintiff's trial, however, none of these reports or recordings came to light. Id. Plaintiff alleges that defendants Smith, Worthy, and Jackson denied the existence of this exculpatory evidence, giving perjured testimony at plaintiff's trial. Id. at 7-12. Mullgrav allegedly convinced Worthy to go along with the conspiracy by threatening to "get rid of her" if she attempted to aid plaintiff. Id. at 11. Kenya White and Corporal Fletcher, along with the Savannah-Chatham Metropolitan Police Department, allegedly had possession of the exculpatory evidence but refused to deliver it to plaintiff to aid him in his case. Id. at 9-12.

A § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. Heck, 512 U.S. at 484-86. Thus, the

Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87.

Plaintiff alleges that he was "wrongfully accused" of a crime and that his conviction was secured through the alleged conspirators' perjury at trial. Doc. 1 at 7-12. A ruling for plaintiff on this claim would necessarily suggest plaintiff's innocence of the crimes charged against him, thereby implying the invalidity of his conviction. Plaintiff may not use a § 1983 suit as a mechanism for challenging the validity of his conviction. Accordingly, the claim must be dismissed under Heck.[3]

In order to determine whether any of plaintiff's other § 1983 claims stand independent of the claim for malicious prosecution, the Court notes

---

[3] The Court warned plaintiff that this outcome was likely in its Order dated September 26, 2007. Doc. 3 at 3-4.

that "malicious prosecution . . . remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." Wallace v. Kato, 127 S. Ct. 1091, 1096 (2007). At no point does plaintiff allege that he was arrested or imprisoned without legal process. Plaintiff's claims for conspiracy, false arrest, and false imprisonment revolve around Mullgrav's wrongful institution of legal process against him. Accordingly, these claims should be characterized as claims of malicious prosecution, requiring dismissal under Heck. The Court notes that plaintiff's claims are also fatally flawed in several other respects.

First, the Supreme Court has made clear that convicted persons may not bring § 1983 damages claims against police officers or private persons who perjured themselves during trial because they enjoy absolute immunity as witnesses. Briscoe v. LaHue, 460 U.S. 325, 345 (1983). Therefore, to the extent that plaintiff asserts a claim based on any false testimony offered at his criminal trial by defendants, that claim must fail.

Second, to the extent that plaintiff is suing defendant Smith, an assistant district attorney, in her official capacity, suit is barred by the Eleventh Amendment. "[S]uits against an official in his or her official

capacity are suits against the entity the individual represents." Parker v. Williams, 862 F.2d 1471, 1476 n.4 (11th Cir. 1989). The question, for purposes of § 1983 liability, of whether an official acts on behalf of the state or county is a question of state law. The Eleventh Circuit has examined this issue and determined that "the district attorney's authority over prosecutorial decisions . . . is vested by state law pursuant to state authority." Owens v. Fulton County, 877 F.2d 947, 952 (11th Cir. 1989). The Eleventh Amendment prohibits suit against state officials acting in their official capacities. Kentucky v. Graham, 473 U.S. 159, 166-67 (1985). To the extent that plaintiff attempts to hold defendant Smith liable in her official capacity "for acts within the realm of [her] prosecutorial discretion, [she is] considered [a] state official cloaked in Eleventh Amendment immunity." McClendon v. May, 37 F. Supp. 2d 1371, 1375-76 (S.D. Ga. 1999); see also Neville v. Classic Gardens, 141 F. Supp. 2d 1377, 1382 (S.D. Ga. 2001). Further, to the extent that plaintiff is suing the assistant district attorney in her individual capacity for her initiation or pursuit of the criminal prosecution, defendant Smith is absolutely immune from suit. Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor is

absolutely immune from suit for malicious prosecution.").

Finally, plaintiff names the Savannah-Chatham Metropolitan Police Department as a defendant. The police department, however, has no independent legal existence and therefore is not an entity that is subject to suit under § 1983. Lovelace v. DeKalb Cent. Prob., 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments are not considered legal entities subject to suit); see Miller v. Benton County Jail, 2006 WL 2711482, at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); Agnew v. St. Joseph County Jail, 1996 WL 534928, at *1 (N.D. Ind. Aug. 14, 1996); Lesikar v. Med. Staff, 2002 WL 441404, at *4 (N.D. Tex. March 19, 2002) (§ 1983 plaintiff may not sue detention center or sheriff's department, which lack a distinct legal existence).

For all of the above reasons, plaintiff's claims related to his current incarceration should be **DISMISSED**.[4]

---

[4] As there is no longer a federal question, plaintiff's state law tort claims must rely upon diversity of citizenship to remain in federal court. He has failed to demonstrate

## B. Plaintiff's Remaining Claims

Plaintiff, in his amended complaint, asserts that Sergeant Green-Scott provided a false affidavit leading to a criminal charge against him that was subsequently dismissed. Doc. 6 at 2. He states that Sergeant Green-Scott maliciously filed the false affidavit against him accusing him of battery and aggravated battery. Id. He seeks relief for his injuries from Green-Scott, the Chatham County Sheriff's Department, and the Chatham County District Attorney's Office. Id.

"To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution,[5] and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d

---

diversity of citizenship between the parties under 28 U.S.C. § 1332. The Court therefore finds that plaintiff's state law claims should be **DISMISSED**.

Plaintiff's amended complaint also alleges that his divorce attorney contributed to this conspiracy by failing to properly file his divorce papers. Doc. 6. As the malicious prosecution claim has not accrued, the complaint regarding defendant McLeod should likewise be **DISMISSED**.

[5] The Eleventh Circuit held that the common law elements "of malicious prosecution included: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." Wood v. Kessler, 323 F.3d 872, 882 (11th Cir. 2003).

1220, 1234 (11th Cir. 2004) (citing Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003)). Plaintiff fails to show that he was unreasonably seized in violation of his Fourth Amendment rights. Accordingly, he has not stated a claim for the constitutional tort of malicious prosecution against Green-Scott, the Chatham County Sheriff's Department, or the Chatham County District Attorney's Office. His claims therefore should be **DISMISSED**.

Furthermore, as discussed above, the Chatham County Sheriff's Department and the Chatham County District Attorney's Office are not proper entities subject to suit in a § 1983 action. Accordingly, plaintiff's claims against those entities must fail.[6] See, e.g., Lovelace, 144 F. App'x at 795.

## II.  CONCLUSION

For all of the above reasons, all of plaintiff's claims in both his initial

---

[6] Plaintiff also alleges an independent claim of malicious prosecution against the Chatham County Sheriff's Department and District Attorney's Office. Doc. 6 at 2. Because these are not entities properly subject to suit under § 1983, the claim should be **DISMISSED**.

and amended complaints should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 31st day of October 2007.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**